## Lillian E. Calkins, Executrix, v. J. Warren Pease et al.

### Gen. No. 12,343.

1. CONTRACT—*how doubtful language of, construed.* In construing contracts which contain provisions or language in any degree ambiguous, courts may and should take into account the circumstances under which the contract was made.

2. CHAMPERTY—*contract held not tainted by.* A contract set out in this opinion construed and held not to provide for the payment by an attorney of any portion of the costs of the litigation contemplated and that therefore it was not champertous.

3. DURESS—*contract held not obtained by.* Held, under the facts and circumstances of this case, that a contract for fees made between attorney and client was not obtained by duress.

Bill in nature of bill of interpleader. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded with directions. Opinion filed March 15, 1906.

ERIC WINTERS, for appellant.

PEASE, SMIETANKA & POLKEY, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This appeal was taken by J. Vernon Calkins and Alfred L. Jones from a decree of the Circuit Court of Cook county rendered after hearing on a bill of complaint in chancery in the nature of a bill of interpleader brought by J. Warren Pease against J. Vernon Calkins, Alfred L. Jones and Henry T. Helm, an amended answer of Calkins and Jones and an answer of Helm, to this bill, with replications thereto, an amended cross-bill of Calkins and Jones, making the other parties to the original bill and the Hartford Deposit Company, defendants, and answers thereto of Pease and Helm and the Hartford Deposit Company, replications to said answers, and evidence adduced in open court. The decree finds that Pease holds $3,900 (less $550, heretofore

paid to Calkins and Jones), which was collected from the Hartford Deposit Company in the case of J. Vernon Calkins and Alfred L. Jones v. Hartford Deposit Company in settlement of the judgment in the said case, and that J. Warren Pease had full authority to collect and receive the same for the benefit of the parties to this suit; that a certain contract in evidence (hereinafter set forth) entered into January 31, 1900, is illegal and void and cannot be sustained in law or equity; that certain claims of Helm arising out of services performed for Calkins and Jones in the case of Louisa Thompson v. Jones and Calkins cannot be recovered upon in this suit; that the services rendered in the case of J. Vernon Calkins and Alfred L. Jones v. the Hartford Deposit Company were rendered by Pease and Helm on a contingent basis; that Helm and Pease are entitled to recover for said services upon a *quantum meruit* and that their services were reasonably worth $1,460, and that the balance of the fund in the hands of the receiver (J. Warren Pease, the complainant, having been appointed receiver of the fund pending the litigation) shall be paid to J. Vernon Calkins and Alfred L. Jones after deducting the sum of $550 heretofore paid to them under order of the court.

The decree then recites that the court reserves for further consideration, if it shall be necessary, the question of the division of $1,460 between Helm and Pease, but orders the receiver to pay to the said Helm and Pease the sum of $1,460 from the fund in his hands, and to pay to said Calkins and Jones the balance of said fund after deducting the sum of $550, together with the interest that has been or may be collected on said sum of $3,900. Each party is then decreed to pay his own costs.

Helm and Pease also prayed appeals to this court, but have filed no records here. They have, however, as appellees severally assigned cross-errors in the record in this appeal, and it is to be presumed will dispose of their appeals here if it is necessary to proceed below in their own interest.

Pending the appeal here Calkins died and his executrix suggested his death, entered her own appearance as executrix,

and also suggested and produced evidence of an assignment by Alfred L. Jones to Calkins before his death of all his interest in said cause and the proceeds and outcome thereof. An order was thereupon entered that the cause in this court be continued and carried on in the name of Lillian E. Calkins, executrix of the last will and testament of J. Vernon Calkins, deceased, as appellant in the place of J. Vernon Calkins and Alfred L. Jones.

The contract of January 31, 1900, adjudged by the decree to be illegal and void, is as follows:

"Calkins & Jones, ⎫
　　　vs. ⎬
Hartford Deposit Co. ⎭

It is agreed that in case the judgment of the plaintiffs in the above cause shall be affirmed by the Supreme Court, H. T. Helm shall receive on account of said judgment from the said defendant the sum of $1,200, from which he shall pay Lynn Helm one hundred and fifty dollars for his services in said matter, and shall also pay John B. Brady for the services by him rendered in the same; and that all of the residue, including interest on the entire judgment and costs collectable, shall be received by and belong to the plaintiffs, and this shall be a settlement of all moneys by H. T. & L. Helm received from said Calkins and Jones on account of said case. In case said judgment is reversed, said plaintiffs agree to assign one-half of the claim to said H. T. Helm and he agrees to conduct the further contest thereon for one-half of whatever damages may be recovered, and shall divide equally with the plaintiffs all expenses of such further contest.

H. T. Helm,
J. Vernon Calkins,
Alfred L. Jones."

It appears by the record that this contract was declared illegal and void by the chancellor because of one or both of the objections made to it in the amended cross-bill of Calkins and Jones, in which it is attacked both as champertous and as extorted by an attorney from his client by moral duress

and unconscionable conduct made possible by his employment.

We do not think the contract properly construed is champertous. In construing contracts which contain provisions or language in any decree ambiguous, courts may and should take into account the circumstances under which the contract was made. Thus only will the language be understood in the sense intended by the parties. Turpin v. B., O. & C. R. R. Co., 105 Ill., 11; Wilson v. Roots, 119 Ill., 379.

The circumstances at the execution of this contract were these: Calkins and Jones owned a hotel on Dearborn street in Chicago next to a lot where the Hartford Deposit Company was erecting a building. The Hartford Deposit Company opened walls and, as was alleged by Calkins and Jones, damaged some apartments in their hotel. Thereupon Calkins and Jones retained Helm & Helm, a firm of lawyers consisting of Henry T. Helm and Lynn Helm, to collect damages from the Hartford Deposit Company. After sending the company a statement of a claim for $3,358, and being refused payment, Helm & Helm brought suit in the Circuit Court. Lynn Helm afterwards left the city permanently. H. T. Helm first proceeded with the prosecution alone. He engaged one J. B. Brady, a lawyer of Chicago, to assist him in the trial, however. The trial in the Circuit Court resulted in a verdict in favor of Calkins and Jones for $4,029, but the trial judge required a *remittitur* of $629, and judgment was entered for $3,400. Thereupon the defendants appealed to this court, and the Branch Appellate Court, on the ground of an erroneous modification of an instruction in relation to damages, required a *remittitur* of $1,000 as a condition of affirming the judgment. The plaintiffs remitted that amount and the defendant appealed to the Supreme Court.

The amount and not the validity of the claim was disputed in the Appellate Court, and on the appeal to the Supreme Court it was claimed on the one side that it was impossible to cure by *remittitur* an error which might have had such indefinite results, and on the other, that the instruction was

not erroneous and that the *remittitur* should not have been required.

Up to this time Calkins and Jones had paid all the court costs and expenses, but had paid their lawyers $30 only. Helm testifies that from the beginning it was understood that his fee was to be contingent, and should be one-half of the amount recovered. At all events the contract hereinbefore set forth was then executed. It seems to us that under these circumstances a tenable and reasonable construction of the contract makes it mean only that at the conclusion of the litigation, Mr. Helm was to have one-half the fund, whatever it was, which should be collected, after that fund had been depleted by taking out any further costs or expenditures which it might be found necessary to make, in consideration of which Helm agreed to furnish all further legal services required to the end of the litigation. The words, "shall divide equally with the plaintiffs all expenses of such further contest," did not necessarily mean that Helm agreed to advance any portion of the costs. They merely meant, in the light of what went before in the contract, that he was not to have for fees half of whatever sum be finally recovered, but only half of that sum less expenses. Jones and Calkins and Helm seemed to have understood this to be the meaning, because Jones and Calkins continued to pay all the costs and expenses. A contract for a contingent fee is not champertous in Illinois, and as this contract does not, in our opinion, provide that the lawyers should pay the costs of the litigation, we see no reason for condemning it as champertous.

But it was and is claimed by appellants that the contract was extorted from them by Henry T. Helm in their necessities by a kind of moral duress, and by virtue of his confidential relations as their counsel. They claimed that Helm threatened to leave them without counsel in the Supreme Court or time to secure it if they did not sign it, and so, Jones says, "We signed it against our better judgment, but had nothing else to do."

It is remarkable, if this was the case, that no objection should have been made to the agreement by the appellants

until they filed their amended cross-bill in this case, almost four years after the agreement was executed.   After it was made, the Supreme Court, on the ground that the modified instruction on damages was too favorable for the plaintiffs, reversed and remanded the cause for a new trial.   The Supreme Court agreed with the Appellate Court that the instruction was erroneous, but thought that it was impossible to tell how much of a *remittitur* would cure the error.   The case was redocketed in the Circuit Court and brought to trial before Judge Burke in the summer of 1901.   In that trial the liability of the defendants was altogether disputed, and on the ground of surprise to the plaintiffs the court permitted the withdrawal of a juror and then continued the cause. During the preparation for the trial a letter was written by Calkins to Jones, which tends to show that Calkins was not then questioning the obligation of the contract.

The case came up for trial again before Judge Clifford in May, 1902, and a verdict and judgment were obtained by the plaintiffs for $3,750.   The defendant appealed to the Appellate Court, by which in November, 1903, the judgment was affirmed.   Then a settlement was made by the counsel acting for the plaintiffs, and a little less than the face of the judgment with interest and costs was taken.   This was objected to by Calkins and Jones, and Helm moreover claimed a construction of the contract which would have charged to the fund before division, payment for the services of Mr. Pease, a lawyer who through Helm's procurement and with assistance by Helm through correspondence, tried the cause in the Circuit and Appellate Courts at the last trials.   Calkins and Jones contended—in which contention we agree with them—that this was not a proper construction of the contract.   The contract meant that Helm for his contingent fee should see that all necessary legal services were given to the plaintiffs until the end of the litigation, and we have no doubt that the retainer and payment of Mr. Pease should come out of Helm's share of the fund.

But it was a question of the construction and not of the validity of the contract which the appellant raised when these

differences arose.   Although Mr. Calkins testified in this case that he told Mr. Pease before the latter's bill was filed that he and Jones would repudiate the contract, yet as a matter of fact, in answer to the bill and in the original cross-bill filed January 7, 1904, the appellants set up and relied on the contract, asking only a construction of it favorable to their contention.   February 25, 1904, they amended the answer and cross-bill, and attacked the contract as extorted from them.

Mr. Helm denied the statements of Calkins and Jones in relation to the circumstances under which the agreement was signed, but even assuming that Calkins and Jones were correct in their version of the facts, and that the agreement was within the purview of a rule concerning such contracts which render them voidable at the option of the client exercised within a reasonable time, we do not think that appellant can take advantage of it now.   When the case came back from the Supreme Court in 1900, the plaintiffs were certainly not under the moral duress which they now complain existed just before the case was heard in the Supreme Court.   They should have then disavowed the contract if they held it unwarrantably extorted from them, insisted on a proper settlement with Helm and, if necessary, secured other competent counsel.

They should not have gone on with the case under circumstances which they knew involved the belief of Helm that the contract was obligatory, until a favorable result was reached, and then repudiate it.

The trial court by its decree showed that in the conflict of evidence it held that Pease had the authority given to him to settle the judgment after it had been affirmed in the Appellate Court the last time, with an abatement of a portion of the interest.   We see no reason to differ from this finding. But because we consider the written contract introduced in evidence valid, we reverse the decree and remand the cause, with dirctions to the Circuit Court to enter a decree as to the distribution of the fund in the hands of complainant in accordance with the terms of the contract and not incon-

sistent with this opinion.    Whatever is allowed complainant Pease is to come from the amount which otherwise under the contract would go to Helm.

*Reversed and remanded with directions.*